E-FILED
Wednesday, 19 August, 2026 09:01:31 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BRENT M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-04083-SLD-RLH |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Plaintiff Brent M. and Defendant Commissioner of Social Security Frank Bisignano's ("the Commissioner") Joint Motion to Award Attorney Fees and Expenses, ECF No. 11. They request that the Court award Brent $1,439.38 in fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award fees and expenses to a prevailing party in any civil action brought by or against the United States. *See* Joint Mot. 1. For the reasons that follow, the joint motion is GRANTED.

**BACKGROUND**

Brent filed this suit seeking judicial review of the Commissioner's final decision denying his application for benefits in July 2025. Compl., ECF No. 1. The parties jointly moved to reverse the Commissioner's decision and remand the case for further proceedings. Joint Mot. Remand, ECF No. 8. The Court granted the motion to remand, *see generally* June 22, 2026 Order, ECF No. 9, and judgment was entered on June 23, 2026, Judgment, ECF No. 10. The joint motion for fees was filed on July 10, 2026. *See* Joint Mot. 1.

## DISCUSSION

### I. Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Brent is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Brent's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). The joint motion was filed before the time to appeal expired, *see* Fed. R. App. P.

4(a)(1)(B) (providing that either party has sixty days to appeal in a case involving the United States or a United States officer), so it was timely.

The next issue is whether the government's position was "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner moved to remand the case for further proceedings and joins in the request for EAJA fees, so he cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Brent is entitled to recover reasonable attorney's fees under the EAJA.

**II. Reasonableness of Brent's Attorney's Fees**

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id.* at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate.

28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Brent's attorney's time sheet. *See* Time Sheet, ECF No. 11-2 at 1. This shows that Brent's attorney spent 2.5 hours on the case and that paralegals spent 6.5 hours on the case. *Id*. The Court finds that all 9 hours were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Brent's attorney asserts that his work should be compensated at the hourly rate of $263.75. *See* Time Sheet. To justify the requested attorney rate, he points to changes in the consumer price index ("CPI") between March 1996, when the $125 per hour rate was set, and 2026, when the work was completed in this case. *Id.* To determine what rate above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set. The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012). The CPI for all consumers in

March 1996 was 155.7 and the CPI for the first half of 2026 averaged 330.724.[1] *See Consumer Price Index for All Urban Consumers (CPI-U)*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0?years_option=all_years (change from to 1996 and click "GO") (last visited Aug. 18, 2026). Accordingly, the CPI had increased by a factor of approximately 2.12. Using that factor, an increase in the statutory cap to $265 would be warranted. This exceeds the requested rate of $263.75. Brent's counsel points to a survey stating that "for the year 2017-2018 the average hourly rate for all attorneys in the Springfield, IL region was $386." Mem. Supp. EAJA Fees 9, ECF No. 17. Though this information is outdated, because inflation has increased since 2017 and 2018 and because Brent's attorneys have significant experience in disability appeals, *see id.* at 10–14, the Court finds the information provided sufficient to show that $263.75 per hour does not exceed current market rate. Based on an hourly rate of $263.75 for 2.5 hours of attorney work, Brent is entitled to $659.38 in attorney's fees under the EAJA.

Brent asserts that paralegal work should be compensated at an hourly rate of $120 per hour. *Id.* at 2. "Fees for work done by paralegals can be awarded under the fee-shifting provision of the EAJA." *Krecioch*, 316 F.3d at 687. As Brent points out, Mem. Supp. EAJA Fees 9, courts in this circuit have found hourly rates for paralegals between $100 and $125 to be reasonable in EAJA cases. *See, e.g.*, *Blanca L. v. Bisignano*, No. 4:24-cv-04228-SLD-RLH, 2026 WL 1470906, at *3 (C.D. Ill. May 26, 2026). Based on an hourly rate of $120 for 6.5 hours of paralegal work, Brent is entitled to $780. That amounts to a total EAJA award of $1,439.38.

---

[1] Counsel points to the change between March 1996 and February 2026 but admits that that warrants a cost-of-living adjusted rate of less than the requested rate. *See* Mem. Supp. EAJA Fees 8, ECF No. 17.

## CONCLUSION

Accordingly, the Joint Motion to Award Attorney Fees and Expenses, ECF No. 11, is GRANTED. Plaintiff Brent M. is awarded $1,439.38 in EAJA fees. This amount may be offset to satisfy any pre-existing debt that Brent owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Brent has assigned his right to EAJA fees to his attorney. *See* Fee Agreement, ECF No. 11-2 at 2–4; Decl. & Assignment, ECF No. 11-2 at 5. Thus, if Defendant Commissioner of Social Security can verify that Brent does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to Brent's attorneys Konoski & Partners, P.C. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If payment is mailed rather than electronically deposited, the Commissioner will instruct the U.S. Department of the Treasury that any check be made payable to Brent and mailed to counsel's address of record: Konoski & Partners, PC 180 Tices Lane Suite 204, Bldg. A East Brunswick, NJ 08816.

Entered this 19th day of August, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE